(8 Misc. Rep. 512.)

MOLLONER v. STATE BANK.

(City Court of New York, General Term. May 18, 1894.)

TRIAL—DIRECTING VERDICT—CONFLICTING EVIDENCE.
    It is error to direct a verdict where the evidence on a material question is conflicting.

Appeal from trial term.

Action by Emma Molloner against the State Bank. Judgment was entered on a verdict directed in favor of plaintiff, and defendant appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

Julius J. & A. Lyons, for appellant.
S. Feuchtwanger, for respondent.

VAN WYCK, J.  The plaintiff's husband, concededly, had full authority to act for her, and did actually conduct all the transactions had with defendant, including the making of deposits and the signing of checks.  Hence, his acts and conversations will be described herein as her acts and conversations.  The record discloses many nice questions of law, which are fully and ably discussed by appellant's counsel, but which it will not be necessary to investigate or discuss here, because this judgment must be reversed for the reason that defendant made proper effort, and was entitled, to go to the jury on disputed facts regarding the transaction which is the basis of this action.  Hence, a direction in favor of plaintiff, and a refusal of defendant's request to have these questions submitted to the jury, was reversible error.  Plaintiff's proof shows that on October 9, 1893, she made a deposit of $455.82 with defendant, included in which was a check for $393.17 drawn by Alfred Samuels on the Nineteenth Ward Bank, and indorsed by her before so depositing the same; that after making this deposit, and the same being credited in her pass book, and before leaving the bank, in a conversation had with the bank's general bookkeeper and discount clerk, she was informed by him that the bank had just received a letter from Samuels, warning it that his check, which she had just deposited, would not be paid, and requesting her to give the bank her own check on it for like amount, to be charged against her account in case this Samuels check, for which she had just been credited, should be returned unpaid after being sent through the clearing house for collection; and that the bank immediately charged her account with this check given by her, and made no effort to collect the Samuels check, and never returned the same to her.  The testimony given on behalf of the defendant by its general bookkeeper and discount clerk is similar to plaintiff's, except as to the disposition made of the Samuels check; and as to this he testifies that the Samuels check was returned by him to her the very instant that she gave her own check for like amount, to be— and which was, immediately—charged against her account to offset the credit given her for the Samuels check, which had just been returned to her.  Now, if this testimony of the bookkeeper and discount clerk is true, the plaintiff has no cause of action by reason of that transaction, and it is this transaction upon which her cause of action herein is founded.  The defendant had the right to have the jury pass upon this testimony given on its behalf, and this right its counsel asserted at trial by proper effort to have the same submitted to them, but which was denied him, and to which he excepted, and all of which he impressed upon the record.  The judgment is reversed, and new trial granted, with costs to appellant, to abide the event.  All concur.

